FILED

09/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0396

## SYNOPSIS OF THE CASE

**2020 MT 244:** **DA 20-0396, MONTANA DEMOCRATIC PARTY and TAYLOR BLOSSOM, RYAN FILZ, MADELINE NEUMEYER, and REBECCA WEED, individual electors**, Plaintiffs and Appellees, v. **STATE OF MONTANA, by and through its SECRETARY OF STATE COREY STAPLETON**, Defendant and Appellant.[1]

The Montana Supreme Court upheld the District Court's order prohibiting the Secretary of State's office from qualifying the Montana Green Party as a minor party eligible for the 2020 election ballot. Section 13-10-601(2), MCA, requires the political party seeking to nominate its candidates through a primary election to present the petition requesting the primary election to election administrators. The District Court found—and none of the parties or amici disputed—the Montana Green Party was not involved and did not endorse the petition process at issue in this case at the time the signatures were gathered and presented to election administrators. Based on these findings, the Supreme Court held the Secretary of State could not accept the petition to qualify the Montana Green Party to hold a primary election to select nominees for office and obtain ballot access for those nominees in the 2020 general election. Long held judicial norms allow an appellate court to consider an issue antecedent to and ultimately dispositive of the dispute before it, even when the parties fail to identify and brief the issue.

Two Justices dissented, arguing that it was unfair for the Court to decide the case on a basis that the parties had not presented, as the Court did not give them notice or an opportunity to be heard on the question the Court found decisive. Addressing the three issues the Secretary of State did raise on appeal, the Dissent agreed with the Democratic Party that Montana law allows voters to withdraw their signatures from a petition before there is final action or later if their signatures were induced by fraud. Final action on the petition occurs when the Secretary of State certifies the party's candidates for the ballot. Even if there was fraud in gathering the signatures, the Dissent would have concluded that the law did not permit the electronic signature withdrawals submitted through DocuSign.

---

[1] The Court prepared this synopsis for the reader's convenience. It constitutes no part of the Opinion of the Court and may not be cited as precedent.